ZOUHARY, District Judge,
dissenting:
I agree with the majority in every way except one. Specifically, I agree that: Greg Carter’s restitution was not ordered as a condition of his supervised release; the district court had jurisdiction to clarify the outstanding balance of that restitution; and as restitution and forfeiture are two separate and distinct parts of a criminal sentence, a defendant generally does not have a right to have forfeited funds applied to a restitution obligation or to have the value of the forfeited assets “frozen” at the moment they were turned over to the government. I join those portions of the majority opinion.
But, I disagree with the majority’s conclusion that the record clearly demonstrates the district court here ordered restitution in whatever amount was recovered from forfeited assets. “The intent of the sentencing court must guide any retrospective inquiry into the term and nature of a sentence.” Fenner v. U.S. Parole Comm’n, 251 F.3d 782, 786 (9th Cir.2001) (quotation marks and citation omitted).
The majority notes that during Carter’s sentencing hearing, the district court stated that the restitution amount “has been paid I understand by what has been taken by the government.” The district court however made other remarks, ignored by the majority, rendering the district court intent far from “clear.” Earlier in the same hearing, the district court, following a conversation with counsel, pronounced:
THE COURT: ____In terms of restitution, restitution of $505,781.01 will be a joint requirement, joint and several, and the forfeiture — the forfeiture has been approved by the Court, hasn’t it, Counsel?
[THE GOVERNMENT]: Your Honor, the Court has entered a preliminary forfeiture, that’s correct. We have the final order of forfeiture here.
*451 THE COURT: And you have no objection to that, [defense counsel]? [DEFENSE COUNSEL]: No objection. THE COURT: And so restitution will be in the amount of $505,781.01.
Further, the judgment entry identifies the sum certain, with no mention that restitution was limited to the forfeited assets.
The majority also divines the district court’s intent from a form, completed by the deputy clerk (and often not even seen or reviewed by a judge), which did not reflect that restitution or a payment schedule was made a condition of Carter’s supervised release, as well as from proceedings in co-defendant Susan Carter’s case (a defendant not before this Court). True, the government did agree in Susan Carter’s plea agreement that it would “recommend that the Court enter an Order of Restitution in the amount of the liquidated value of all assets,” but, as the government pointed out during oral argument, the district court rejected that recemmendation. Similarly, in Carter’s case, the Probation Office proposed the district court order restitution in whatever amount was recovered from the sale of the assets. Yet again, however, the district court rejected that proposal and entered a sum certain. These remarks reinforce the true intent expressed by the district court in its clarification order.
In short, forfeiture and restitution are distinct concepts. See United States v. Bright, 353 F.3d 1114, 1120 (9th Cir.2004). The amount a defendant owes for one does not depend on the amount owed for the other. While forfeited assets may be applied toward satisfying restitution, they need not be. And, the value of physical assets at a particular point in time does not necessarily indicate the amount to be credited toward restitution, and perhaps a sentencing court should not tie one to the other.
Here, the record is, at best, ambiguous. The district court’s subsequent interpretation of its own intent is consistent with and sufficiently supported by the entire record. I would affirm the district court judgment and find Carter owes the balance of $65,955.73.